IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT -4  AM 11: 10

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| TERRY WILLIAMS, | X | |
| | X | |
| Plaintiff, | X | |
| | X | |
| vs. | X | No. 05-2049-B/An |
| | X | |
| WARDEN LITTLE, et al., | X | |
| | X | |
| Defendants. | X | |
| | X | |

ORDER TO COMPLY WITH PLRA
ORDER ASSESSING FILING FEE
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Terry Williams, booking number 04139303, an inmate at the Shelby County Criminal Justice Center ("Jail")[1] in Memphis, filed a pro se complaint pursuant to 42 U.S.C. § 1983.  The Clerk shall record the defendants as Warden Little and Chief Alexander.

I.   Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $150 required by 28 U.S.C. § 1914(a).[2] The in forma pauperis statute, 28 U.S.C. § 1915(a), merely provides the prisoner

---

[1]   The word "prison" is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2]   Because this action was filed prior to February 7, 2005, the new $250 civil filing fee is inapplicable.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-5-05



the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has properly completed and submitted an in forma pauperis affidavit containing a certification by the trust fund officer, but he has not submitted a trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order plaintiff file a trust fund account statement for the six months prior to the commencement of this action. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of Court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the Clerk of Court. On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the

2

plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $150.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison. The Clerk is further ORDERED to forward a copy of this order to the Jail Director to ensure that the custodian of the plaintiff's inmate trust

account complies with that portion of the PLRA pertaining to the payment of filing fees.

The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.   <u>Analysis of Plaintiff's Claims</u>

The complaint alleges that, on September 22, 2004, plaintiff was bitten by a spider.   He claims that he could not walk the next morning and was rushed to Baptist Hospital for medical care. Williams contends he was not given access to a grievance procedure because he was hospitalized but does not state the length of the hospitalization or if he attempted to utilize the grievance procedure at the Jail after his release from the hospital.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a complaint without prejudice whenever a prisoner brings a prison conditions claim without demonstrating that he has exhausted his administrative remedies.  <u>Brown v. Toombs</u>, 139 F.3d 1102 (6th Cir. 1998); <u>see</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); <u>Booth v. Churner</u>, 532 U.S. 731 (2001) (prisoner seeking only money damages must exhaust administrative remedies although damages are unavailable through grievance system).  This requirement places an affirmative burden on prisoners of pleading particular facts demonstrating the complete exhaustion of claims.

<u>Knuckles El v. Toombs</u>, 215 F.3d 640, 642 (6th Cir. 2000). To comply with the mandates of 42 U.S.C. § 1997e(a),

> a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

<u>Id.</u> at 642; <u>see also</u> <u>Baxter v. Rose</u>, 305 F.3d 486 (6th Cir. 2002) (prisoner who fails to allege exhaustion adequately may not amend his complaint to avoid a <u>sua sponte</u> dismissal); <u>Curry v. Scott</u>, 249 F.3d 493, 503-04 (6th Cir. 2001) (no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion). Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies before filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action. <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999).

The plaintiff has submitted no evidence that he filed a grievance or more specifically, a grievance naming these individual defendants, as required by <u>Moorer v. Price</u>, 83 Fed. Appx. 770, 772 (6th Cir. Dec. 9, 2003) (plaintiff did not exhaust claim against warden because his grievance did not identify the warden or articulate any claim against her); <u>Thomas v. Woolum</u>, 337 F.3d 720, 733-34 (6th Cir. 2003); and <u>Curry</u>, 249 F.3d at 504. Accordingly, the plaintiff has not satisfied his burden of demonstrating that he exhausted his administrative remedies with respect to this claim.

The Sixth Circuit has stated that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed <u>sua</u> <u>sponte</u>." <u>Baxter</u>, 305 F.3d at 489.[3] Accordingly, the plaintiff's complaint is DISMISSED, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

III. <u>Appeal Issues</u>

The next issue to be addressed is whether plaintiff should be allowed to appeal this decision <u>in</u> <u>forma</u> <u>pauperis</u>. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken <u>in</u> <u>forma</u> <u>pauperis</u> if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, yet has sufficient merit to support an appeal <u>in</u> <u>forma</u> <u>pauperis</u>. See <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case also compel the conclusion that an appeal would not be taken in good faith.

---

[3]     As the Sixth Circuit explained, "If the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement, assuming that the relevant statute of limitations has not run." <u>Id.</u>

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and he may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In McGore v. Wrigglesworth, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in McGore and § 1915(b).

IT IS SO ORDERED this _____ day of October, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[4]    Effective November 1, 2003, the fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

    Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 2 in case 2:05-CV-02049 was distributed by fax, mail, or direct printing on October 5, 2005 to the parties listed.

Terry Williams
SHELBY COUNTY JAIL
4139303
201 Poplar Avenue
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT